JUSTICE WARNER
dissenting.
¶46 I must dissent from the Court’s conclusion that the bailiffs actions do not require that the conviction of assault on a peace officer be reversed.
¶47 The actions of the bailiff are stated at ¶ 12 above. The first error made by the bailiff was in telling the jurors that they would be “here until at least midnight.” This indicated not only that they should continue to deliberate, but that there could not be a hung jury for at least another three and one-half hours and possibly not even then.
¶48 Then, the bailiff went on to say that the jury needed to find a common ground. This is a direct statement that it was required there be a unanimous verdict. That is, some juror or jurors were going to have to change their vote. The bailiff failed to mention that no juror should give up his or her honest opinion concerning the guilt or innocence of Mr. Steele just to reach a unanimous verdict.
*215 ¶49 The bailiffs extraneous instruction had the effect of coercing minority juror or jurors into following the majority. In direct contradiction to applicable precedent, the jury was pressured into reaching a verdict. George, 219 Mont. at 382, 711 P.2d at 1382.
¶50 The assault on a peace officer conviction should be reversed and remanded for a new trial. I dissent from our failure to do so.
JUSTICE LEAPHART joins in the foregoing dissent.